UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 22-cr-20357

v.                                       Hon. Bernard A. Friedman

APRIL RIENSTRA,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN TERM OF IMPRISONMENT UNDER U.S.S.G. §4C1.1**

This matter is before the Court on a motion for reduction in term of imprisonment under U.S.S.G. §4C1.1 filed by defendant April Rienstra. (ECF No. 31).[1] The government has filed a response in opposition. (ECF No. 42). The Court does not believe oral argument will aid in the resolution of this matter and shall not hold a hearing. E.D. Mich. LR 7.1(f)(1). The motion is denied.

Rienstra pled guilty in November 2022 to one count of wire fraud related to her activities during the COVID-19 pandemic to defraud the Michigan

---

[1] The initial consolidated motion requested a reduction in term of imprisonment pursuant to both 18 U.S.C. § 3582(c)(1)(A) [compassionate release] as well as U.S.S.G. §4C1.1. (ECF No. 31). Subsequently, however, Rienstra filed a notice of partial withdrawal, indicating that she withdrew the motion for compassionate release, but did not withdraw her request for a reduction based on the retroactive amendment to U.S.S.G. §4C1.1. (ECF No. 40).

1

Unemployment Insurance Agency. (ECF No. 12). She was sentenced in March 2023 to 18 months incarceration and three years supervised release but was twice granted an extension of her self-surrender date. (ECF Nos. 20, 22, 24).

Rienstra now seeks a reduction in her sentence based on the retroactive amendments to United States Sentencing Guideline §4C1.1 (zero criminal history points). (ECF No. 31, PageID.230). She urges that at the time of sentencing, her guidelines were 21 to 27 months, but that after the retroactive amendment her guidelines are now 15-21 months. (*Id.*, PageID.231).

The government agrees that "Rienstra is eligible for retroactive application of the amendment, which reduces her advisory guideline range to 15-21 months." (ECF No. 42, PageID.343). Noting that she could receive at most a reduction of three months, the government opposes the request as the factors in 18 U.S.C. § 3553(a) weigh against a reduction. (*Id.*, PageID.343-44).

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the sentence of

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court concurs with the parties that Rienstra is eligible for up to a three month reduction in her sentence. (*See* ECF No. 30). But consideration of the factors in 18 U.S.C. § 3553(a) weigh strongly against the request.

2

Most saliently, as Rienstra admits, she paid a "prison consultant" $5,000 and this individual "advised her to lie about a drug problem so she would be able to participate in drug treatment and earn an early release." (ECF No. 40, PageID.336). She acted on this advice and went so far as to take suboxone, a drug used to treat dependence, so that she would test positive. (*Id.*). Although she states that "she voluntarily admitted to her actions," (*id.*), the Court is extremely concerned that far from becoming an honest, law-abiding citizen, she continues on an unscrupulous and deceitful path. While sympathetic to Rienstra's stated concerns regarding medical care, the wellbeing of her children, and financial difficulties, the Court is hard-pressed to understand why she opted to spend $5,000 on a "prison consultant" and then take that "consultant's" advice to fabricate an addiction. She has again exploited a national emergency for her own gain: first jeopardizing pandemic relief programs and now falsely claiming to be part of the opioid epidemic.

Any sentence imposed should "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It should also "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C).

Rienstra has not been deterred or demonstrated any heightened respect for the law. To the contrary, she attempted to defraud the Bureau of Prisons while

incarcerated *for fraud*.  Clearly, she requires additional correctional treatment and, unfortunately, she has demonstrated that she remains a danger to the community by her continued fraudulent behavior.  18 U.S.C. § 3553(a)(2)(C), (D).  Accordingly, it is hereby,

ORDERED that the motion for reduction in term of imprisonment, (ECF No. 31), is DENIED.

**IT IS SO ORDERED.**

Dated: February 29, 2024
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE